The President
delivered the opinion of the Court.
To discharge this case of Tom v. Jenkins cited at 'the bar, let it be observed, that the only question there was, whether the Court did right in admitting the hearsay evidence of old people then dead, to prove that the plaintiiPs ancestors were Indians £ this Court approved the opinion of the District Court. In that record, there is a paper which seems to want a name, and appears merely to contain the arguments of one of the counsel, and the opinion of one of the Judges, upon a point which this Court has since sanctioned % to wit, that there was a time when the law of this country authorised the making slaves of Indians, taken in war within the then colony 5 that under that Saw, many Indians w ere made slaves, and their descendants have continued in bondage. But that some time after, that law was repealed, from which time no American Indian could be made a slave. But this Court took no notice of that paper, as it did not come up as an exception to the opinion of the Court, but was permitted (at the importunity of the counsel) to be made part of the record.
In that case too, this Court thought that the depo *86 sition of Mr. Belfield, to prove that a verdict had been given in another suit between Bichará Vma and WiH liam Hammond was inadmissible, since the record itself ought to have been produced.
It has been contended in this case, that liberty is to be favoured. This is true; but the Court cannot on that, or on any favoured subject, infringe the settled rules of law. It was also objected, that the plaintiff might have had it in his power to produce better testimony than his mother did. In the first place it is not presumable that he knew more than his mother did respecting her title to freedom, and in the next, the law indisputably supports the rule contended for, that between parties and privies to the former suit, the verdict is conclusive evidence. The reason of the rule has additional strength in this case; for since the Act of Assembly declaring that children shall be bond or free according to the condition of the mother, the verdict which found the mother a slave, was conclusive evidence to prove that the son was so. The case mentioned by the appellant’s counsel in the General Court was like the present.
It was argued, that the appellee might have been manumitted. If so, he certainly ought not to be precluded from proving it, nor will the opinion which this Court will give preclude him. The judgment must be reversed for error in the Courts not admitting the record as conclusive evidence to prove the plaintiff a slave. The cause is to be sent back for a new trial, a direction to this effect, unless the plaintiff can shew that he or his mother were manumitted subsequent to the first verdict.([1])

(1) Pegram v. Isabell, 1 Hen. & Munf. 387, Preston v. Harvey, 2 Hen. & Munf. 55, 64,67. Pegrmn v. Isabell 2 Hen. & Munf. 193. 204. 210,